| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

UNITED STATES OF AMERICA *ex rel.* §
WILLIAM FLOYD, §
 §
      Plaintiff, §
 §
*versus* §   CIVIL ACTION NO. 1:21-CV-559
 §
AVISTA CAPITAL HOLDINGS, LP, and §
GLOBAL CONTRACT MANUFACTURING §
MEDICAL & OEM, INC., §
 §
      Defendants. §

## MEMORANDUM AND ORDER

Pending before the court are Defendants Avista Capital Holdings, L.P. ("Avista") and Global Contract Manufacturing Medical & OEM, Inc.'s ("GCM") (collectively "Defendants") Motion to Dismiss (#15) and Renewed Motion to Dismiss (#18). Plaintiff-Relator William Floyd ("Floyd") did not file a response, but his counsel filed an Affidavit (#20) in response to the court's Notice of Impending Dismissal for Want of Prosecution (#19) entered on March 25, 2025. Having considered the pending motion, the record, the affidavit of Floyd's Counsel, and the applicable law, the court is of the opinion that Defendants' Motion to Dismiss and Renewed Motion to Dismiss should be DENIED. **Floyd must serve Defendants on or before 5:00 p.m. on May 26, 2025.**

I.    Background

On November 8, 2021, Floyd filed a Complaint (#2) on behalf of himself, as well as the Government, in the Eastern District of Texas, Beaumont Division. Floyd asserts claims against Defendants pursuant to the False Claims Act. On September 25, 2024, the Government filed a

Notice of Election to Decline Intervention (#13), informing Floyd and the court that it would not intervene in the present action. The Notice, however, authorized Floyd to maintain the action in the name of the United States.

On September 30, 2024, the court entered an Order on Declined Intervention (#14), instructing Floyd to effectuate service within 90 days of the date the order was signed. Floyd, however, failed to effectuate service within the requisite time period. On January 29, 2025, Defendants filed a Motion to Dismiss (#15), asserting that the present action should be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure. On March 24, 2025, Defendants filed a Renewed Motion to Dismiss (#18), maintaining that the present case should be dismissed for want of prosecution. On March 25, 2025, the court entered a Notice of Impending of Dismissal (#19), requiring Floyd to file an affidavit meeting certain criteria to avoid dismissal. Counsel for Floyd filed an affidavit on April 4, 2025. Floyd has not responded to Defendants' pending motions for dismissal.

II.     Analysis

The Federal Rules of Civil Procedure impose time limits for service of process. *See* FED. R. CIV. P. 4(m). Rule 4(m) requires that service of process on domestic defendants be effectuated within 90 days after the filing of the complaint. If service is not accomplished within the applicable time frame, Rule 4(m) permits the court to dismiss the action without prejudice or to direct that service be completed within a specified time period. *Buchanan v. United States*, No. 24-50194, 2024 WL 4057580, at *1 n.1 (5th Cir. Sept. 5, 2024); *Ancar v. Robertson*, No. 19-30524, 2022 WL 1792535, at *4 (5th Cir. 2022); *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008). Rule 4(m) provides:

> Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1) or to service of notice under Rule 71.1(d)(3)(A).

FED. R. CIV. P. 4(m).

The plaintiff bears the burden of demonstrating good cause for failing to effect timely service. *Dotson v. Tunica-Biloxi Gaming Comm'n*, 835 F. App'x 710, 713 (5th Cir. 2020); *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013); *see Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 370 n.13 (5th Cir. 2017) (quoting *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990)). "Proof of good cause requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'" *Thrasher*, 709 F.3d at 511 (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)); *see Dotson*, 835 F. App'x at 713. In addition, some showing of good faith and some reasonable basis for noncompliance within the time specified is normally required. *Thrasher*, 709 F.3d at 511.

When the statute of limitations is likely to bar a claim, dismissal is warranted only where "a clear record of delay or contumacious conduct by the plaintiff" exists and a "lesser sanction would not better serve the interests of justice." *Millan*, 546 F.3d at 325 (quoting *Gray v. Fid. Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981)); *accord Dominguez v. Crosby Tugs, L.L.C.*, 704 F. App'x 364, 366 (5th Cir. 2017). The delay "must be longer than just a few months" and "characterized by 'significant periods of total inactivity.'" *Millan*, 546 F.3d at 326-27 (quoting *McNeal v. Papasan*, 842 F.2d 787, 791 (5th Cir. 1988)). In addition, the Fifth

Circuit generally finds, but has not expressly required, at least one of three aggravating factors: "(1) delay caused by the plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id.* at 326 (quoting *Price v. McGlathery*, 792 F.2d 474, 474 (5th Cir. 1986)).

In this instance, any dismissal under Rule 4(m) poses a substantial risk of effectively dismissing the action with prejudice. Absent an extensive inquiry into the applicable limitations period, it is unclear whether Floyd's claims arising from Defendants' representations from 2014 to 2019 would be barred by the applicable statute of limitations.[1] Section 3731 imposes a six-year statute of limitations in the present case that may, in certain circumstances, be extended statutorily or as a "continuing violation." 31 U.S.C. § 3731; *United States ex rel. Harman v. Trinity Indus., Inc.*, No. 2:12-CV-00089-JRG, 2014 WL 47258, at *7 (E.D. Tex. Jan. 6, 2014). Nevertheless, there exists a risk that a dismissal under Rule 4(m) may bar Floyd's causes of action arising from that conduct. Furthermore, Floyd's retaliation claim under the False Claims Act would certainly be barred, as the limitations period expired on October 15, 2022. *Riddle v. Dyncorp Int'l Inc.*, 666 F.3d 940, 943 (5th Cir. 2012); *United States ex rel. George v. Boston Sci. Corp.*, 864 F. Supp. 597, 603 (S.D. Tex. 2012) (recognizing that the appropriate statute of limitations on a retaliation claim under the False Claims Act in Texas is the two-year period imposed for personal injuries). Consequently, the court must conduct an analysis under the heightened standard announced in *Millan*. 546 F.3d at 326 (citing *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976) ("[W]here the dismissal is without prejudice, but the applicable statute of

---

[1] Floyd's false representation claims arising after 2020 are not barred by the six-year statute of limitation imposed by 31 U.S.C. § 3731.

limitations probably bars future litigation, the standard of review of the District Court's dismissal should be the same as is used when reviewing a dismissal with prejudice.")).

Here, the court is not convinced that there is a clear and continuous pattern of delay, or that a lesser sanction would fail to serve the interest of justice. Given that this case is procedurally in its infancy, it would be difficult to say at this juncture that there is a clear and continuous pattern of any type. Furthermore, Floyd's conduct does not appear to be "contumacious," willful, or intentional. Rather, as discussed below, the delay resulted from Floyd's counsel failing to monitor his caseload properly. Therefore, dismissal is not warranted under Rule 4(m)'s heightened standard.

Even if the heightened standard were satisfied, there are no aggravating factors present. First, Floyd did not cause the delay. On April 4, 2025, counsel for Floyd filed an Affidavit (#20) in response to this court's Notice of Impending Dismissal (#19) that was entered on March 25, 2025. In the affidavit, Floyd's Counsel, Greg Dykeman ("Dykeman"), assumes responsibility for the delay. Dykeman explains that during the pendency of the present case, while awaiting the Government's decision regarding intervention, he changed firms and lead counsel on the case, Joel Androphy, passed away. Dykeman failed to keep tabs on the present case, resulting in his being unaware of the court's Order on Declined Intervention (#14) entered on September 30, 2024. As a result, Dykeman did not know that Floyd had been instructed to effectuate service on Defendants within 90 days from when the Order was signed. Dykeman's error, though significant, cannot be attributed to Floyd. Floyd would have no way of knowing that an order had been entered in his case, as the notice regarding any docket activity was sent to Dykeman. Therefore, the court is of the opinion that Floyd's counsel, as opposed to Floyd himself, caused the delay.

Second, the delay will not actually prejudice Defendants. Here, Defendants do not identify any prejudice that would result from permitting the case to proceed. Moreover, the only foreseeable prejudice to Defendants would be having to defend the action on the merits, which the United States Court of Appeals for the Fifth Circuit has recognized is insufficient to constitute an aggravating factor. *Millan*, 546 F.3d at 327. Hence, the court cannot conclude that permitting untimely service would cause *actual* prejudice to Defendants.

Lastly, the delay does not appear to be the result of intentional conduct. As noted above, Dykeman explains in his affidavit the series of events that ultimately led to the delay. Though negligent and careless, the delay was not intentional. Because none of the aggravating factors are present, the court will not dismiss the present action at this time, as it would effectively serve as a dismissal with prejudice.

III.   Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss (#15) and Renewed Motion to Dismiss (#18) are DENIED. **Floyd must serve Defendants on or before 5:00 p.m. on May 26, 2025.**

SIGNED at Beaumont, Texas, this 24th day of April, 2025.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE